# IN THE SUPREME COURT OF TEXAS

════════════
No. 10-0609
════════════

COMMISSION FOR LAWYER DISCIPLINE, PETITIONER,

v.

HEATHER SCHAEFER, RESPONDENT

════════════════════════════════════════════════════
ON APPEAL FROM THE BOARD OF DISCIPLINARY APPEALS
════════════════════════════════════════════════════

**PER CURIAM**

District Grievance Committees appoint evidentiary panels for attorney disciplinary actions, and quorums of the evidentiary panels hear and decide the actions. This case raises the question of whether a properly constituted quorum of an improperly constituted evidentiary panel has the authority to act in an attorney disciplinary matter. Following a unanimous finding of misconduct by an evidentiary panel quorum, an attorney appealed the panel's order of disbarment to the Board of Disciplinary Appeals (BODA) on the ground that the evidentiary panel was not composed of the required ratio of public to attorney members.

The attorney failed to attend her hearing and filed no post-judgment motions with the evidentiary panel. BODA vacated the panel's judgment and remanded for a new hearing because the evidentiary panel was improperly composed, even though the quorum of panelists present for the hearing met the required ratio of lawyers to non-lawyers. BODA concluded the panel-composition error voided the panel's judgment for lack of capacity. We agree with BODA that the composition

of evidentiary panels, a mandatory requirement, was not met here. However, we conclude that requirement is not jurisdictional and the evidentiary panel's order was voidable, not void. Therefore, because no objection was lodged to the evidentiary panel's composition, we reverse BODA's judgment.

Complaints of attorney misconduct are assessed by the Office of the Chief Disciplinary Counsel (CDC) of the State Bar of Texas, which administers the attorney disciplinary system at the investigatory and trial levels. TEX. R. DISCIPLINARY P. 1.06(C), 5.01, .02. CDC investigates complaints to determine whether there is just cause that an attorney committed professional misconduct. *Id*. at 1.06(U) & (V), 2.12, 5.02(C). Upon a determination of just cause by CDC, the accused attorney may have her case heard in (1) district court, upon election, with or without a jury or (2) in an administrative proceeding by an evidentiary panel of a State Bar of Texas District Grievance Committee (Grievance Committee) within the relevant geographic district. *Id.* at 2.14, .15. The respondent attorney must be notified of the names and addresses of the evidentiary panel members assigned to adjudicate the complaint. *Id*. at 2.06.

Grievance Committees "must consist of no fewer than nine members," *id*. at 2.02, and "shall act through panels," as assigned by the Grievance Committee chairs. *Id*. at 2.07. "No panel may consist of more than one-half of all members of the [Grievance] Committee or fewer than three members." *Id*. The evidentiary panel hears evidence and adjudicates the grievance against an attorney accused of professional misconduct. *Id*. at 2.17. A quorum consists of "a majority of the membership of the panel," *id*. at 2.07, and also must have "at least one public member for every two attorney members present." *Id*.; *see also In re Allison*, 288 S.W.3d 413, 417 (Tex. 2009).

- 2 -

In these administrative proceedings, the Commission for Lawyer Discipline (Commission), a permanent committee of the State Bar, is the litigant opposing the accused attorney. *Id*. at 4.01, .06(A). The Commission is the client of the CDC in complaint proceedings not dismissed at summary disposition. *Id*. at 2.14(A), 5.02(G).

All panels of a Grievance Committee "must be composed of two-thirds attorneys and one-third public members." *Id*. at 2.02; *see also id*. at 2.07 (specifying that panels "must be composed of two attorney members for each public member."). Rule 2.17 repeats this standard specifically for evidentiary panels: "Each Evidentiary Panel must have a ratio of two attorney members for every public member . . . ." *Id*. at 2.17. The rules therefore clearly, and repeatedly, mandate a two-to-one ratio of attorneys to public members on evidentiary panels.

CDC investigated three grievances filed against attorney Heather Schaefer and found just cause to have the grievances adjudicated. *See* TEX. R. DISCIPLINARY P. 5.02(C), (G), (I) & (M) (laying out in relevant part the duties of the CDC in disciplinary proceedings). As Schaefer did not elect to have the grievances heard in district court, CDC assigned them to an evidentiary panel. *Id*. at 2.14, .15. The Chair of the relevant Grievance Committee, District 01A (Collin County, Texas), appointed a six-person evidentiary panel to hear the case. Schaefer filed an eve-of-trial "emergency continuance" on the basis of work conflicts, which the evidentiary panel denied. Schaefer did not attend her hearing. At the hearing in Schaefer's absence, a quorum of evidentiary panel members unanimously found that Schaefer committed misconduct, and disbarred her in its judgment.

Although the pre-hearing notices Schaefer received from the CDC showed a properly constituted evidentiary panel, the panel's "Evidentiary Hearing Report" (hearing report), summarizing basic information about the hearing, including the identity of the panelists present,

listed the second public-member position on the six-person panel as "vacant." The hearing was held February 20, 2009; the hearing report was sent to Schaefer on March 2, 2009; and the evidentiary panel's judgment was signed on March 3, 2009. The hearing report indicated that a quorum of four panel members, three attorneys and one public member, were actually present to hear Schaefer's case. Schaefer did not object to the panel's composition at the hearing or subsequently in any post-judgment motion. *See* TEX. R. DISCIPLINARY P. 2.22 (describing post-judgment motions).

Schaefer appealed to BODA, challenging the evidentiary panel's composition. On appeal, BODA vacated the disbarment judgment and remanded for a new hearing, in part on the basis that the evidentiary panel did not have the capacity to act because the panel was improperly composed.[1] BODA found that the evidentiary panel lacked the appropriate ratio of attorney members to public members and, reasoning that such error was fundamental, concluded that evidentiary panels not satisfying this requirement lack capacity to act as a court. *Schaefer v. Comm'n for Lawyer Discipline of the State Bar of Tex.*, Bd. of Disciplinary Appeals Case No. 44292 (Jan. 28, 2011) at 8, 14. The Commission appealed to this Court, challenging BODA's interpretation of the Texas Rules of Disciplinary Procedure governing evidentiary-panel composition. We issued a summary affirmance of BODA's judgment and later granted the Commission's motion for rehearing.

Appeals from determinations of BODA are generally reviewed under a substantial evidence standard. TEX. R. DISCIPLINARY P. 7.11. Because the issue before us involves the interpretation of the Texas Rules of Disciplinary Procedure, we review BODA's legal conclusions on the construction

---

[1] The other bases for BODA's judgment were "issues of statewide public interest": i.e., that (1) the attorney discipline system exists to protect the public, and (2) CDC's adherence to disciplinary rules is essential and must avoid even the appearance of impropriety. *Schaefer v. Comm'n for Lawyer Discipline of the State Bar of Tex.*, Bd. of Disciplinary Appeals Case No. 44292 (Jan. 28, 2011) at 8–11. We do not reach these issues.

- 4 -

of the rules de novo. *See In re Caballero*, 272 S.W.3d 595, 599 (Tex. 2008) (citing *O'Quinn v. State Bar of Tex.*, 763 S.W.2d 397, 399 (Tex. 1988) (observing that "our disciplinary rules should be treated like statutes")); *MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 500 (Tex. 2010) (noting that a "question of statutory construction is a legal one which we review de novo").

In *In re Allison* we recently addressed the public- and attorney-member ratio requirements in disciplinary hearings. 288 S.W.3d 413 at 415-17. In *Allison*, which focused on the quorum requirements of Rule 2.07, the evidentiary panel was properly constituted with four attorney members and two public members, but the quorum hearing Allison's case consisted of three attorneys and one public member. *Id.* at 414. Under the wording of 2.07, different from 2.02 and 2.17, we held that the quorum that heard the disciplinary action satisfied the ratio requirement that it "'include one public member for each two attorney members.'" *Id.* at 417 (quoting TEX. GOV'T CODE § 81.072(j)); *see also* TEX. R. DISCIPLINARY P. 2.07. Schaefer's case is different from *Allison* in that the evidentiary panel from which the quorum was drawn included only one public member and four attorney members, although the quorum satisfied *Allison's* three-attorney-to-one-public-member ratio under 2.07. *See* 288 S.W.3d at 417. Schaefer challenges the composition of the evidentiary panel.

As observed above, "[e]ach Evidentiary Panel must have a ratio of two attorney members for every public member . . . ." TEX. R. DISCIPLINARY P. 2.17; *see also* 2.02 (requiring two-thirds of Grievance Committees be attorneys and one-third be public members). This is compulsory language. One of the two public-member positions on the six-member evidentiary panel was vacant. The evidentiary panel's composition therefore violated the ratio requirement of one public member for

each two attorney members. With four attorney members on the evidentiary panel, two public members would be required. *Allison*, 288 S.W.3d at 417. In *Allison*, we explained:

> [T]he factor-of-two rule applies only when there is an even number of attorneys. Thus, if there are four attorney members (two sets of two) a quorum would require two public members.

*Id.* The evidentiary panel failed to meet this requirement. BODA and the Commission disagree over whether this improper panel composition deprived the evidentiary panel of capacity to act on the complaints, and consequently rendered the evidentiary panel's judgment void, or merely voidable.

BODA concluded in its opinion that two of our precedents, *Mapco, Inc. v. Forrest*, 795 S.W.2d 700 (Tex. 1990), and *Tesco American, Inc. v. Strong Industries, Inc.*, 221 S.W.3d 550 (Tex. 2006), "affirm that, when a court rendering judgment has no capacity to act as a court, the resulting judgment is void." *Schaefer* at 14. The Commission argues, however, that the Grievance Committee's failure to abide by the panel composition requirements did not deprive the evidentiary panel of capacity, but merely rendered the judgment voidable. Because Schaefer, who was not present at the hearing, did not object to the composition of the evidentiary panel or file a post-judgment motion challenging its composition, the Commission also contends that any error was waived.

We construe the analogous precedents differently. *Mapco* concerned an appellate ruling in which one justice of a three-justice panel retired before an opinion was issued, resulting in a one-one opinion and judgment, a departure from both statutory and constitutional provisions requiring a "majority" of a panel for a decision on a case. *Mapco*, 795 S.W.2d at 702–03. We declined to issue a general rule that a violation of a procedural rule, statute, or even a constitutional requirement rendered an appellate judgment "void." *Id.* at 703. Instead, such violations generally only result in

- 6 -

a "voidable" or erroneous judgment. *Id*. Describing the "rare circumstances" that would void a judgment, we observed that "[a] judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Id*. (citations omitted).

*Tesco* concerned a judicial-disqualification challenge to a court of appeals decision. *Tesco*, 221 S.W.3d at 552–53. We held that the justice authoring the unanimous opinion for the three-justice panel was disqualified due to an imputed conflict of interest. *Id*. at 554. We also noted that the orders or judgments of disqualified trial judges are void. *Id*. at 555 (citing *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998); *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982); *Fry v. Tucker*, 202 S.W.2d 218, 221 (Tex. 1947); *Postal Mut. Indem. Co. v. Ellis*, 169 S.W.2d 482, 484 (Tex. 1943); *State v. Burks*, 18 S.W. 662, 662–63 (Tex. 1891); *Templeton v. Giddings*, 12 S.W. 851, 852 (Tex. 1889)). However, we held that, in the appellate context, where multiple judges are empaneled, a judgment is merely voidable unless every judge on the panel is disqualified. *Id.* at 555–56. We explained that, "'[i]n general, as long as the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void.'" *Id*. at 556 (quoting *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003)). We concluded that the judgment at issue was not void as the appellate court had "jurisdiction of the parties and the subject matter, jurisdiction to enter judgment, and capacity to act as a court." *Id*.

BODA's opinion distinguished *Mapco* and *Tesco* as involving appellate panels and analogized the evidentiary panel at issue here to a trial court. *Schaefer*, at 14. For purposes of the applicable composition rules, the multi-member nature of an evidentiary panel makes it analogous

to the appellate courts in *Mapco* and *Tesco*. Accordingly, the evidentiary panel's judgment was not void for lack of capacity. We therefore reverse BODA's judgment.

As the attorney-to-public-member composition requirement does not undermine the capacity of an evidentiary panel or otherwise deprive it of jurisdiction to hear evidence and issue disciplinary orders, error must be preserved by timely objection. *See* TEX. R. APP. P. 33.1(a); *cf. State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992) (error preservation generally requires that the party make the trial court aware of the complaint, timely and plainly, and obtain a ruling). BODA's opinion noted there is "some evidence" that Schaefer may not have been able to object to the panel's composition, even had she appeared at the hearing. *Schaefer* at 10. BODA observed that "the [evidentiary panel] chair introduced only the members present on the record and did not name the absent members of the panel," thus creating uncertainty as to whether the evidentiary panel lacked a necessary public member. *Id*. The Grievance Committee should timely advise respondent attorneys of the composition of the evidentiary panel from which the quorum was drawn to hear the case. But generally speaking, reasonable diligence by the attorney requires more than occurred here. Faced with an incomplete evidentiary panel, the respondent attorney must inquire as to panel composition and object if the composition requirements are not satisfied. Should an attorney fail to appear at an evidentiary hearing, she makes her task more difficult and should obtain the hearing report and preserve error through a timely post-judgment motion. *See* TEX. R. DISCIPLINARY P. 2.22.

The evidentiary panel's composition violated the requirements of Rules 2.07 and 2.17 of the Texas Rules of Disciplinary Procedure. That violation, however, did not deprive the evidentiary panel of its capacity to select a quorum, hear evidence, and issue a judgment. Therefore, in the

absence of a timely objection, error was waived.  Accordingly, without hearing oral argument, we reverse the Board of Disciplinary Appeals' judgment and reinstate the evidentiary panel's judgment of disbarment.  *See* TEX. R. DISCIPLINARY P. 7.11; TEX. R. APP. P. 60.2(c).

OPINION DELIVERED: April 20, 2012