In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00100-CV**
_____

**IN RE COMMITMENT OF GEORGE LEANDER COLEY**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-08-08647 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit George Leander Coley as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014). A jury found that Coley is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. In two appellate issues, Coley challenges the denial of his motion for continuance and certain comments made by the trial court to the jury. We affirm the trial court's judgment.

## Motion for Continuance

In issue one, Coley contends that the trial court improperly denied his motion for continuance. In an SVP proceeding, the trial court may grant a continuance if the person is not substantially prejudiced by the continuance and on the request of either party and a showing of good cause. *Id*. § 841.063(1) (West 2010). We review a trial court's denial of a motion for continuance under an abuse of discretion standard. *In re Commitment of Hatchell*, 343 S.W.3d 560, 563-64 (Tex. App.—Beaumont 2011, no pet.).

According to Coley's motion for continuance, he began sex offender treatment in October 2013. On December 30th, Coley deposed the State's expert witness, Dr. Michael Arambula, during which Arambula testified that his opinion that Coley is a sexually violent predator could change if Coley completed treatment and applied the concepts learned in treatment. On January 16, 2014, five days before trial, Coley filed his motion for continuance, in which he requested that trial be continued for 172 days so that Coley could complete sex offender treatment. On the day of trial, Coley presented his motion, which the trial court denied.

Under the SVP statute, the person committed is entitled to a biennial review. *See* Tex. Health & Safety Code Ann. § 841.102 (West 2010). However, at any

time, the case manager may authorize a petition for release or the committed person may exercise his right to file an unauthorized petition for release. *See id*. §§ 841.121, 841.122. Because Coley possessed alternatives for seeking release from commitment in the event he completed sex offender treatment, applied the principles learned in treatment, and Arambula subsequently changed his opinion, we conclude that the trial court did not abuse its discretion by denying Coley's motion for continuance. *See Yowell v. Piper Aircraft Corp.,* 703 S.W.2d 630, 635 (Tex. 1986) ("The trial court has broad discretion to grant or deny motions for continuance."); *see also Hatchell*, 343 S.W.3d at 563-64. We overrule issue one.

## Trial Court's Comments

In issue two, Coley argues that the trial court commented on the weight of the evidence. We review a trial court's allegedly improper comments as a question of law. *In re Commitment of Barbee*, 192 S.W.3d 835, 847 (Tex. App.—Beaumont 2006, no pet.). The complaining party must show that error occurred and harm resulted. *World Car Nissan v. Abe's Paint & Body, Inc.*, No. 04-12-00457-CV, 2013 Tex. App. LEXIS 9442, at *8 (Tex. App.—San Antonio July 31, 2013, pet. denied) (mem. op.). "We examine the record as a whole to determine whether the comment unfairly prejudiced the complaining party." *Id*. We will reverse only

when the trial court's comments are improper and probably caused the rendition of an improper judgment. *Id*. at \*\*7-8; *see also* Tex. R. App. P. 44.1.

During voir dire, the trial court stated:

> . . . In this court we're talking about these topics here; and, obviously, you're probably going to hear from expert witnesses, psychologists and psychiatrists, about this term, behavioral abnormality. And I tell you that because sometimes, many times, the issues we talk about in this courtroom are pedophilia, we talk about incest, we talk about homosexuality. These are topics that come up here in this courtroom. I'm just trying to put a little sugar on this for you but, unless you have advanced training, probably what you know about these topics are what you read on the Internet; and we know the Internet is never wrong. If you're lucky enough to get selected as a juror in this court you're probably going to get to hear people that have a lot of higher training in these areas, and they can sort of give you some more training in what these areas are about.

The trial court overruled Coley's objection to "comments about the credibility of the experts." On appeal, Coley contends the trial court's comments conveyed the belief that the State's expert was reliable and credible. According to Coley, the trial court's belief "arose from an extrajudicial source and demonstrates bias in favor of the State."

Assuming, without deciding, that the trial court's comments were improper, we cannot say that those comments caused the rendition of an improper judgment. The statements were made during voir dire, before evidence had even been presented, giving the parties ample opportunity to speak to the venire panel and

4

question potential jurors. The State and Coley questioned the panel members about their beliefs regarding expert opinion. During opening arguments, the State explained that Arambula would testify to help the jury decide whether Coley has a behavioral abnormality. Coley's counsel reminded that jury that they, not the expert, are the sole decision-makers. During closing arguments, the State explained how the evidence supported a behavioral abnormality finding. Coley's counsel told the jurors that they must make up their own minds regarding the evidence. The record is silent as to whether any particular juror was improperly influenced by the trial court's comments.

Additionally, in its jury charge, the trial court instructed the jury, "You are the sole judges of the credibility of the witnesses and the weight to give their testimony." We assume that the jury followed the trial court's instruction. *Salinas v. Salinas*, 365 S.W.3d 318, 320 (Tex. 2012); *see also In re Commitment of Day*, 342 S.W.3d 193, 199 (Tex. App.—Beaumont 2011, pet. denied). Accordingly, the record does not demonstrate that the trial court's comments during voir dire unfairly influenced the jury to reach a verdict it would not have otherwise reached. *See World Car Nissan*, 2013 Tex. App. LEXIS 9442, at **7-8; *see also* Tex. R. App. P. 44.1. We overrule issue two and affirm the trial court's judgment.

5

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on October 13, 2014
Opinion Delivered October 23, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.