ACCEPTED
03-14-00698-CV
6648058
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/25/2015 4:04:58 PM
JEFFREY D. KYLE
CLERK

# CAUSE NO. 03-14-00698-CV

_____

IN THE THIRD COURT OF APPEALS IN AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/25/2015 4:04:58 PM
JEFFREY D. KYLE
Clerk

_____

SHAMARK SMITH LIMITED PARTNERSHIP, ET AL.,


Appellants,


v.


MARTIN LONGORIA,


Appellee.

_____

On appeal from the 20th Judicial District Court of Milam County, Texas

_____

## APPELLANTS' REPLY BRIEF

_____


<div style="margin-left:40%">

Tracy J. Willi
Texas Bar No. 00784633
Willi Law Firm, P.C.
9600 Escarpment Blvd., Suite 745, PMB 34
Austin, TX 78749-1983
Tel. (512) 288-3200
Fax (512) 288-3202
twilli@willi.com

ATTORNEY FOR SHAMARK SMITH
LIMITED PARTNERSHIP, SHARON D.
MARCUS, AND PAUL J. SMITH

</div>

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................. iii

**I.  RESPONSE TO LONGORIA'S ALLEGATION OF WAIVER OF JURY CHARGE ERROR**....................................................................1

**II.  LONGORIA'S CRITICISM OF *BURBAGE* IS UNFOUNDED.** .............2

**III.  UNIFORM DECLARATORY JUDGMENT ACT CANNOT FORM A BASIS FOR ATTORNEY'S FEES.**..............................................2

**IV.  RESPONSE TO LONGORIA'S ALLEGATION OF PROOF OF ATTORNEY'S FEES.** .................................................................3

**V.  RESPONSE TO LONGORIA'S ALLEGATION OF WAIVER OF ERROR FOR THE FAILURE TO CONDITION APPELLATE ATTORNEY'S FEES.** .............................................................................4

**VI.  RESPONSE TO LONGORIA'S ALLEGATION OF WAIVER OF ERROR FOR THE REFUSAL TO STRIKE JURORS CHALLENGED FOR CAUSE.**.................................................................5

**VII.  CONCLUSION AND PRAYER.**..................................................................7

CERTIFICATE OF COMPLIANCE........................................................................7

CERTIFICATE OF FILING AND SERVICE .........................................................8

# INDEX OF AUTHORITIES

## Cases

*Burbage v. Burbage,*
447 S.W.3d 249 (Tex. 2014) ...............................................................................2

*Charette v. Fitzgerald*,
213 S.W.3d 505 (Tex. App.—Houston [14th Dist.] 2006, no pet.)
(mem. op.) ...........................................................................................................4

*Holland v. Wal-Mart Stores, Inc.*,
1 S.W.3d 91 (Tex. 1999) ...................................................................................3

*In re Lipsky*,
460 S.W.3d 579 (Tex. 2015) ...............................................................................2

*Mancorp, Inc. v. Culpepper*,
802 S.W.2d 227 (Tex. 1990) ...............................................................................3

*MBM Financial v. Woodlands Operating Co.*,
292 S.W.3d 660 (Tex. 2009) ...............................................................................3

*McMillin v. State Farm Lloyds*,
180 S.W.3d 183 (Tex. App.—Austin 2005, pet. denied) ...............................6

*Osterberg v. Peca,*
12 S.W.3d 31 (Tex. 2000) ...................................................................................2

*Rodriguez v. Citimortgage, Inc.*,
No. 03-10-00093-CV (Tex. App.—Austin, January 6, 2011, no pet.)
(mem. op.) ...........................................................................................................4

*Tom Benson Chevrolet, Inc. v. Alvarado,*
636 S.W.2d 815 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.)...............1

## Statutes and Rules

TEX. CIV. PRAC. & REM. CODE § 38.004....................................................................4

TEX. R. CIV. P. 278.....................................................................................................1

## I. RESPONSE TO LONGORIA'S ALLEGATION OF WAIVER OF JURY CHARGE ERROR.

Longoria misapplies the opinion of *Tom Benson Chevrolet, Inc. v. Alvarado*, 636 S.W.2d 815, 823 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.). The issue in *Tom Benson Chevrolet* was whether the jury was properly instructed on the definition of "diminished market value." *Id*. at 823. "Tom Benson cannot now complain that the jury was permitted to find damages based upon an improper, a wrong or an immaterial instruction on the measure of damages." *Id*. The Shamark Parties do not complain of the instruction on the measure of damages in Question 19. Instead, the Shamark Parties point out that Question 19 only requested the jury to award damages for the conduct found in Question 14. CR 1052–53 (Question 19 "What sum of money, if paid now in cash, would fairly and reasonably compensate Martin Longoria for his injuries, if any, that were proximately caused by the statement in Question 14?") Thus, damages were requested only for the alleged publication of the statement found in Question 14, not for the jury's findings of intentional infliction of emotional distress or for malicious prosecution which were submitted in Questions 12 and 13. CR 1052. It is Longoria who waived his right to recover damages under any theory except defamation. *See* TEX. R. CIV. P. 278 (failure to submit a jury question in substantially correct form waives the complaint). Sufficiency of the evidence is measured against the jury charge given by the court,

not some other theoretical charge which should have been given. *See Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000).

## II.     LONGORIA'S CRITICISM OF *BURBAGE* IS UNFOUNDED.

Longoria complains that the Texas Supreme Court's decision in *Burbage* is unconstitutional. Appellee's Brief at 24, citing *Burbage v. Burbage*, 447 S.W.3d 249, 259 (Tex. 2014). The Texas Supreme Court has recently reaffirmed its conviction that any award of general damages, such as loss of reputation and mental anguish, in an amount beyond nominal damages requires evidentiary support.

> Defamation per se refers to statements that are so obviously harmful that general damages may be presumed. *Hancock*, 400 S.W.3d at 63-64. General damages include non-economic losses, such as loss of reputation and mental anguish. *Id*. Special damages, on the other hand, are never presumed as they represent specific economic losses that must be proven. *Id.* at 65-66. And even though Texas law presumes general damages when the defamation is per se, it does not "presume any particular amount of damages beyond nominal damages." *Salinas v. Salinas*, 365 S.W.3d 318, 320 (Tex. 2012) (per curiam). Any award of general damages that exceeds a nominal sum is thus reviewed for evidentiary support. *Burbage*, 447 S.W.3d at 259; *see also Bentley*, 94 S.W.3d at 606-07 (criticizing award of mental anguish damages in defamation per se case because it was excessive and beyond any figure the evidence supported).

*In re Lipsky*, 460 S.W.3d 579 (Tex. 2015).

## III.     UNIFORM DECLARATORY JUDGMENT ACT CANNOT FORM A BASIS FOR ATTORNEY'S FEES.

Without enlightening the Court as to what was sought to be declared that was ruled upon in any way, Longoria now claims that attorney's fees should be awarded

2

to Longoria based upon the Uniform Declaratory Judgment Act (UDJA). Appellee's Brief at 47. There was no question submitted to the jury by either party that would support a declaration under the UDJA. Moreover, if repleading a claim as a declaratory judgment could justify a fee award, attorney's fees would be available for all parties in all cases. That would repeal not only the American Rule but also the limits imposed on fee awards in other statutes. Accordingly, the rule is that a party cannot use the Act as a vehicle to obtain otherwise impermissible attorney's fees. *MBM Financial v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009). When declarations only duplicate issues already before the court, the UDJA does not support the award of attorney's fees. *Id.* at 671.

Even for causes of action for which attorney's fees are potentially recoverable, there can be no award of attorney's fees without the award of actual damages. *See Mancorp, Inc. v. Culpepper*, 802 S.W.2d 227, 230 (Tex. 1990); *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999).

## IV. RESPONSE TO LONGORIA'S ALLEGATION OF PROOF OF ATTORNEY'S FEES.

Even considering Longoria's reliance on the testimony of opposing counsel on their attorney's fees, Longoria still insists that his attorney's fees would be a flat one-third contingent fee. Appellee's Brief at 51. One-third of nothing is still nothing. Longoria presented no evidence to support anything but a one-third contingent agreement. The only evidence is that Longoria did not accrue attorney's

3

fees except for a contingent fee that only operates if he recovered damages from the opposing party. Since Longoria did not win any damages, he did not incur any attorney's fees. This is based upon the undisputed evidence that he operated only pursuant to a contingent fee agreement with his lawyer. RR8 275-77.

Regardless of the alleged basis that Longoria attempts to rely upon, whether UDJA or the Texas Theft Liability Act (TTLA), there is no evidence to support the amount of attorney's fees. This is not a case under chapter 38 of the Texas Civil Practice and Remedies Code wherein a trial court is permitted to "take judicial notice" of usual and customary fees. *See* TEX. CIV. PRAC. & REM. CODE § 38.004. A court may not take judicial notice that usual and customary fees are reasonable unless the trial court awards attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. *Charette v. Fitzgerald*, 213 S.W.3d 505, 514-15 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (mem. op.); *Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV at 13 (Tex. App.—Austin, January 6, 2011, no pet.) (mem. op.).

## V. RESPONSE TO LONGORIA'S ALLEGATION OF WAIVER OF ERROR FOR THE FAILURE TO CONDITION APPELLATE ATTORNEY'S FEES.

Longoria alleges that the Shamark Parties failed to preserve the trial court's error in failing to condition the award of appellate attorney's fees on a successful appeal. Appellee's Brief at 58. The issue was clearly raised in the Shamark parties'

4

Motion for Judgment Notwithstanding the Verdict and Alternative Motion for New Trial.  CR 1093.  The motion was denied by written order.  CR 1116.

## VI.   RESPONSE TO LONGORIA'S ALLEGATION OF WAIVER OF ERROR FOR THE REFUSAL TO STRIKE JURORS CHALLENGED FOR CAUSE.

The 12 member jury consisted of the following jurors from the panel:  1, 2, 4, 7, 8, 10, 11, 13, 16, 19, 21, 22, and alternate 25.  RR Vol. 4, 147; Supp. CR 20–28.[1] The Shamark Parties' counsel moved to strike jurors 6, 8, 9, 10, 12, 13, 14, 24, 26, 31, 32, 33, 27, 49, 50, and 51 for cause based upon the jurors' statements that they could not apply the preponderance of the evidence to this case and would instead require the Shamark Parties to prove that Longoria committed theft beyond a reasonable doubt.  RR Vol. 4, 136.  The Shamark Parties' counsel also moved to strike jurors 8, 9, 12, 13, 24, 26, 31, 49 for cause based upon the jurors' statements that they would require a criminal conviction against Longoria before finding in favor of the Shamark Parties on the issue of theft in this case.  RR Vol. 4, 136.  The trial court denied the challenges for cause on both basis.  RR Vol. 4, 141.  The trial

---

[1]  The Clerk's First Supplemental Record is sealed because it contains the jurors' personal information.  The jury cards appear at Supp. CR 20–28 and indicate in the upper right-hand corner the handwritten juror number with a circle around it.  The handwritten jury number is the number that was used during voir dire.  The printed number on the upper right-hand corner corresponds to the original jury numbers before the jury was shuffled as requested by Longoria's counsel.  RR Vol. 4, 32. The original printed numbers on the jury cards correspond to the randomly assigned numbers shown on the computer generated jury list.  Supp. CR 19.

court further denied the Shamark Parties' request for additional strikes against the jurors. RR Vol. 4, 142. As support for the request for additional strikes, counsel for the Shamark Parties explained to the Court, "We're put in a position where I believe the record is pretty clear about having to accept jurors that require a higher burden of proof and a criminal conviction." *Id.*

Longoria complains that the Shamark Parties have not preserved the error because they did not take the last step of identifying the objectionable jurors who were ultimately placed on the jury so that the trial court would have "notice" of that event. *See McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 193 (Tex. App.—Austin 2005, pet. denied). In this case, in the first 24 jurors on the panel, there were 8 jurors who should have been struck for cause. The Shamark Parties only had 6 preemptory strikes. Necessarily, the Shamark Parties needed at least two more preemptory strikes to be able to strike all of the jurors within the strike zone who should have been struck for cause. The juror numbers were clearly stated on the record and the fact that objectionable jurors remained after preemptory strikes were exercised was also clearly evident in the record. Supp. CR 20–28. The trial court had notice of the presence of objectionable jurors and made it clear to the parties that she would refuse to strike those jurors for cause. This Court determined in *McMillin*, where the McMillins reminded the court that they had challenged thirteen veniremembers for cause and that the six peremptory challenges were insufficient to strike all of them,

6

the McMillins adequately apprised the court that its denials of the challenges for cause were forcing the McMillins to accept objectionable jurors. *Id*. at 195. The record in this case demonstrates that the Shamark Parties adequately apprised the court that its denials of the challenges for cause were forcing the Shamark Parties to accept objectionable jurors.

## VII. CONCLUSION AND PRAYER.

Shamark Smith Limited Partnership, Paul J. Smith, and Sharon D. Marcus, Appellants, request this Court to render judgment in favor of Appellants in whole or in part, or remand this case for a new trial.

<div align="right">

/s/ Tracy J. Willi
Tracy J. Willi
Texas Bar No. 00784633
Willi Law Firm, P.C.
9600 Escarpment Blvd., Suite 745, PMB 34
Austin, TX 78749-1983
Tel. (512) 288-3200
Fax (512) 288-3202
twilli@willi.com

ATTORNEY FOR SHAMARK SMITH
LIMITED PARTNERSHIP, SHARON D.
MARCUS, AND PAUL J. SMITH

</div>

## CERTIFICATE OF COMPLIANCE

In accordance with Texas Rule of Appellate Procedure 9.4, I hereby certify that this document contains 1,712 words.

<div align="right">

/s/ Tracy J. Willi
Tracy J. Willi

</div>

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that this document was filed with Clerk of Court through the Court's electronic filing system and served on opposing counsel by the same manner on August 25, 2015 as follows:

James David Walker
P.O. Box 41
Milano, Texas 76556
(512) 636-9520
(512) 455-7992 (fax)
walker@2appeal.com

Counsel for Martin Longoria

/s/ Tracy J. Willi
Tracy J. Willi