Opinion issued October 25, 2018



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-17-00440-CV**

———————————

**ROGER GANDY, Appellant**

**V.**

**DESIREE FLORES, Appellee**

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-49937**

## MEMORANDUM OPINION

Appellant Roger Gandy sued appellee Desiree Flores after they were involved in a car accident. The jury found in favor of Flores, and the trial court entered a take-nothing judgment on the verdict. Gandy filed a motion for new trial

alleging that, throughout the trial, the court improperly permitted Flores to "blame" an unknown driver. He also argued that the court erroneously excluded portions of the investigating officer's recorded deposition and the unredacted police report, both of which included the officer's opinion that Flores contributed to causing the accident. The trial court denied the motion for new trial, and Gandy appealed. In this court, Gandy reurges the arguments made in his motion for new trial.

We affirm.

## Background

During morning rush hour, Roger Gandy came to a complete stop in the center lane of the North Freeway (I-45 North) when a car abruptly merged into his lane about 20 feet in front of him. He avoided a collision with that car, but a truck driven by Desiree Flores crashed into Gandy's truck from behind. The car that pulled in front of Gandy drove away, and its driver was never identified.

Houston Police Department Officer R. Luna investigated the accident. He did not witness it.

Gandy filed suit, and the case was tried to a jury. Gandy's theory at trial was that Flores caused the accident because she was careless while driving and changing lanes. Among other evidence Gandy proffered an excerpt from Flores's deposition in which she testified that she was responsible for the collision because she was "the one who hit his car."

2

Officer Luna testified by recorded deposition, and before trial, the court ruled on the admissibility of recorded excerpts from his deposition, based on the parties' written proffers and objections. In addressing these objections, the trial court stated that Officer Luna would not be permitted to testify about causation because he was neither an expert in accident reconstruction nor a witness to the collision. The trial court also excluded (and required redaction of) Officer Luna's note on the police report indicating that Flores contributed to causing the accident by failing to control her speed.

At trial, Flores presented deposition excerpts in which Officer Luna offered an opinion that John Doe was responsible for the accident:

> Q. Do you agree that crashes can happen by accident where there is no fault?
>
> [Plaintiff's Attorney]: Form.
>
> A. Yes.
>
> Q. That happens all of the time, right?
>
> A. Every day.
>
> Q. Someone can check their lane and have a clear—check a lane they're going to change into and have a clear path ahead of them and a reasonable safe distance between them and other vehicles, right?
>
> A. Yes.
>
> . . . .

Q.    John Doe caused the—is it your opinion that John Doe kind of cause the domino effect of this accident?

A.    Correct.

Q.    Okay. Do you believe John Doe created a hazard?

A.    Yeah, for changing.

Q.    Do you believe there was anything that Ms. Flores could have done to foresee what John Doe was going to do?

A.    No.

Q.    Okay. Sometimes these kind of things happen, don't they?

A.    Yes, sir.

Q.    And it's nobody's fault except for John Doe?

A.    Yeah. There's always—

Q.    Let me back—let me rephrase that. But sometimes you end up with these sort of domino situations where several events end up causing an accident, right?

A.    Correct.

Q.    Okay. And the first person that caused the domino to fall is the first person responsible, right, is that accurate?

A.    Yes.

Q.    Okay. And who is that in this case?

A.    John Doe.

Although Gandy did not object to this testimony when the court initially ruled on the admissibility of deposition excerpts, Gandy did object after the excerpt was played at trial. He argued that it "opened the door" to Officer Luna's opinions

4

about "fault." Gandy asserted that Officer Luna's testimony misled the jury to believe that the accident was "only John Doe's fault," but Officer Luna also testified that "he believes it's Desiree Flores's fault. So he's opened the door, and we're allowed to present that."

The court denied Gandy's request to introduce additional testimony from Officer Luna about causation. Instead, the court instructed the jury to disregard Officer Luna's testimony about causation.

The court did not submit to the jury a question about the fault, if any, of John Doe. In closing, Gandy argued that he had to stop because someone was "coming in front of him." He argued that Flores was responsible for the collision because she was not paying attention as she attempted to change lanes. Flores's attorney argued that John Doe caused the accident. The jury returned a verdict in Flores's favor, and the court rendered a take-nothing judgment on the verdict.

**Analysis**

On appeal, Gandy asserts that the trial court erred by overruling his motion for new trial and (1) granting Flores's motion to designate John Doe as a responsible third party, and (2) excluding portions of Officer Luna's deposition and the unredacted accident report. We find no reversible error.

5

## I. Responsible third-party designation of John Doe

The trial court did not commit reversible error in initially designating John Doe as a responsible third party. Prior to trial, the court granted Flores's motion for leave to designate the unknown driver as a responsible third party. *See* TEX. CIV. PRAC. & REM. CODE §§ 33.001–.017. The jury charge, however, did not submit John Doe for a determination of his percentage responsibility; instead the charge asked only about Flores's liability. At trial, Gandy nevertheless introduced evidence about the unknown driver to explain why he stopped in the middle of the freeway during rush hour.

Even if we were to assume that granting the pretrial motion to designate an unknown responsible third party was erroneous, any error was harmless. *See* TEX. R. APP. P. 44.1(a); *Diamond Offshore Servs. Ltd. v. Williams*, 542 S.W.3d 539, 551 (Tex. 2018). We will not reverse a judgment due to trial court error unless it "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1(a); *see Diamond Offshore Servs.*, 542 S.W.3d at 551.

Here, because no apportionment of third-party responsibility was submitted to the jury, Gandy's argument is not (and cannot be) that the pretrial designation harmed him because the jury was asked to apportion responsibility between Flores

6

and John Doe. Instead, Gandy complains that evidence concerning John Doe entered the trial at all.

"[E]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." TEX. R. EVID. 401. And (barring a meritorious objection, such as a Rule 403 challenge) relevant evidence is generally admissible. *See* TEX. R. EVID. 402.

Gandy *himself* testified that an unknown driver cut in front of him while he was driving, requiring him to come to a complete stop. *See Bay Area Healthcare Grp. Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007) (error in the admission of evidence is "waived if the complaining party allows the evidence to be introduced without objection."). And Flores's defensive theory was that, despite her careful driving, she was unable to avoid a collision with Gandy who suddenly came to a complete stop in the middle of traffic. Because facts of consequence in this case included how the accident happened, the evidence about John Doe abruptly merging in front of Gandy was relevant: it provided an explanation of why Gandy stopped. *See* TEX. R. EVID. 401.

Gandy contends that the trial court's prior designation of John Doe as a responsible third party permitted Flores to argue to the jury that John Doe caused the accident. But Texas law is clear that although "[a]ttorneys in closing must

7

'confine the argument strictly to the evidence'; any evidence in the record is fair game." *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 761 (Tex. 2013) (quoting TEX. R. CIV. P. 269(e)). Flores's jury arguments were based on evidence in the record, and Gandy did not object to the evidence about John Doe at trial. *See Toyota Motor Sales*, 407 S.W.3d at 761; TEX. R. CIV. P. 269(e); TEX. R. APP. P. 33.1.[1]

In light of the foregoing, any error in the pretrial designation did not lead to an improper judgment. *See* TEX. R. APP. P. 44.1(a).

## II. Exclusion of evidence

The court also did not commit reversible error in excluding certain portions of Officer Luna's deposition testimony and police report in which Officer Luna said that Flores was a contributing cause of the accident. On appeal, Gandy characterizes this excluded evidence as rebuttal evidence—he contends that Flores "opened the door" to this evidence by admitting testimony from the officer that John Doe was responsible for the accident. He argues that the evidence's exclusion was harmful because the jury heard Officer Luna's testimony that John Doe was responsible, but the jury did not hear Officer Luna's testimony that Flores was also responsible.

---

[1] Gandy's brief also suggests that the evidence was insufficient to support the verdict, but he did not articulate a sufficiency-of-the-evidence argument. To the extent that he has attempted to raise such an issue, it is waived due to inadequate briefing. *See* TEX. R. CIV. P. 38.1(i).

On this record, any error in excluding the evidence was harmless. Because the trial court instructed the jury that it must disregard Officer Luna's testimony on causation, there was nothing for the proffered evidence to rebut, respond to, or complete. The trial court stated:

> I need to correct something. Either everybody's fault or nobody's fault, previously some testimony from Officer Luna came in that isn't supposed to, relating to his view of the cause of the crash. I want you to disregard that. The reason is because the only people who get all of the facts about the case and the proper definition of negligence, which is what you're supposed to look at, is you.

> And that's why you are the only people who are supposed to follow my instructions and answer the questions I give you, and that part came in by accident. So *I'm instructing you to disregard his view about the cause of the accident.* (emphasis added).[2]

We presume—as we must—that the "jury properly followed the trial court's instructions." *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 167 (Tex. 1982); *see also Salinas v. Salinas*, 365 S.W.3d 318, 320 (Tex. 2012). We thus presume that the jury disregarded Officer Luna's testimony about John Doe causing the accident. And with that presumption in place, Officer Luna's additional causation testimony would not have rebutted, responded to, or completed any evidence before the jury. *See, e.g.*, *Waldrep v. Texas Emp'rs Ins. Ass'n*, 21 S.W.3d 692, 706 (Tex. App.—Austin 2000, pet. denied) ("[T]he alleged rebuttal evidence must be in fact offered to *rebut* other evidence, not as a part of the proponent's

---

[2] Gandy did not object to this instruction or request that the court give the jury further instructions.

9

case-in-chief."); TEX. R. EVID. 107 ("*If a party introduces part of an act, declaration, conversation, writing, or recorded statement*, an adverse party may inquire into any other part on the same subject." (emphasis added)). Notably, had the court admitted Officer Luna's causation testimony at issue here, the court's instruction would have required the jury to disregard that very evidence.

The jury was charged with determining Flores's liability, if any, based on the properly admitted evidence and the jury's assessment of credibility. In that posture, and in light of the evidence supporting the jury's verdict, we cannot say that the exclusion of the proffered testimony from Officer Luna on causation (which would have been subject to the court's limiting instruction that it be disregarded) "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1(a); *see Diamond Offshore Servs.*, 542 S.W.3d at 551.[3]

## Conclusion

We affirm the judgment of the trial court.

---

[3] Having overruled both of these issues, we also overrule appellant's related contention that the trial court erred in denying appellant's motion for new trial.

                    Jennifer Caughey
                    Justice

Panel consists of Chief Justice Radack and Justices Brown and Caughey.